**KJC LAW GROUP, A.P.C.**
Kevin J. Cole (SBN 321555)
 kevin@kjclawgroup.com
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Telephone: (310) 861-7797

*Attorneys for Plaintiff*
*Future Energy Group, LLC d/b/a Future Energy*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUTURE ENERGY GROUP, LLC, a Michigan limited liability company, d/b/a FUTURE ENERGY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CHARGEPOINT, INC., a Delaware corporation,<br><br>　　　　Defendant. | CASE NO.<br><br>**COMPLAINT FOR BREACH OF CONTRACT**<br><br>(***JURY TRIAL DEMANDED***) |

COMPLAINT

NOW COMES Plaintiff, FUTURE ENERGY GROUP, LLC d/b/a FUTURE ENERGY ("Plaintiff Future Energy"), through its undersigned counsel, and for its Complaint against Defendant CHARGEPOINT, INC. ("Defendant ChargePoint") states:

## JURISDICTION AND PARTIES

1. This is a diversity action arising out of a certain exclusive Reseller Agreement between the parties concerning charging stations manufactured by Defendant ChargePoint.

2. Plaintiff Future Energy is a Michigan limited liability company, with its principal place of business located in Troy, Michigan.

3. Defendant ChargePoint, Inc. is a Delaware corporation with its principal place of business located in Campbell, California.

4. This Court has diversity jurisdiction under 28 U.S.C. 1332 as the parties reside in different states.

5. The amount in controversy exceeds $75,000, exclusive of interest, attorney's fees, and costs.

6. The parties' Reseller Agreement states that the Reseller Agreement shall be interpreted under the laws of California, without reference to its conflict of law provisions, and the state and federal courts in Santa Clara County, California shall have exclusive jurisdiction and venue over any dispute arising out of or relating to the Reseller Agreement.

## FACTUAL BACKGROUND & GENERAL ALLEGATIONS

7. Plaintiff Future Energy incorporates by reference all allegations in this Complaint as though set forth herein.

8. On November 27, 2019, the parties executed a Reseller Agreement wherein Defendant ChargePoint appointed Plaintiff Future Energy as the exclusive United States territory reseller of its electric vehicle supply equipment, i.e. charging stations. (**Exhibit A**; November 27, 2019 Reseller Agreement and Addendum.)

9. Under *Section 9(a)(i)* of the Addendum entitled *Non-Solicitation of Customers*, ChargePoint agreed that:

> During the term of the Addendum and for ninety (90) days from the effective date of termination, ChargePoint shall not knowingly solicit or attempt to solicit Affiliated Dealers that are current Customers of Reseller, provided that the foregoing does not apply to renewal or customer success engagements. If ChargePoint becomes aware of a potential conflict, it shall notify the Reseller in good faith before proceeding in any deal. Any breach of this section shall be deemed a material breach of this Addendum.

(**Exhibit A**; November 27, 2019 Reseller Agreement and Addendum)

10. Furthermore, *Section 12(a)* of the Addendum provides:

> The term of this Addendum will commence as of the Effective Date and end on the seventh anniversary of the Effective Date, unless terminated earlier as set forth herein (the 'Term'). Thereafter, this Addendum shall automatically terminate unless the Parties agree otherwise in writing.

(**Exhibit A**; November 27, 2019 Reseller Agreement and Addendum)

11. The *Recitals* of the Addendum define "Affiliated Dealer" as follows:

> A Stellantis dealership who is appointed by Stellantis to sell new Stellantis-brand vehicles.

(**Exhibit A**; November 27, 2019 Reseller Agreement and Addendum)

12. Finally, Section 12(c) of the Addendum provides:

> If either Party breaches any of its duties or obligations under the Addendum, and such breach (if capable of cure) is not cured within thirty (30) calendar days after written notice thereof from the non-breaching Party, the non-breaching Party may terminate the Addendum. In the event of any such breach, the breaching Party may request a period in excess of thirty (30) days in which to cure such material breach, which may be granted by the non-breaching Party in its sole discretion.

13. Contrary to its contractual obligations, Defendant ChargePoint has first materially breached the Reseller Agreement and Addendums by its prohibited direct solicitation of other Stellantis Affiliated Dealers, including communications and sales pursuits conducted without notice, involvement, or authorization of Plaintiff Future Energy or the parties' Reseller Agreement.[1]

---

[1] For example, see the attached social media post ("Screenshot") ("**Exhibit B**") the Troy, Michigan Stellantis Dealer Chrysler Dodge Jeep Ram ("**Exhibit C**"), and an email confirming a dealership purchasing CPF50 directly from ChargePoint (**"Exhibit D"**) demonstrating ChargePoint has knowingly and repeatedly solicited Stellantis Affiliated Dealers in non-compliance with the Reseller Agreement and

14. Defendant ChargePoint's conduct is egregious because, in its June 1, 2023 correspondence, Defendant ChargePoint acknowledged Plaintiff Future Energy's exclusive handling of Affiliated Dealers and confirmed that no derivative or competitive use of Future Energy's data or relationships would occur. (**Exhibit E**; June 1, 2023 correspondence.)

15. On September 5, 2025, Plaintiff Future Energy, via counsel, sent correspondence to Defendant ChargePoint demanding Defendant ChargePoint cure its material breach(es) under Section 12(c) of the parties' Addendum. (**Exhibit F**; September 5, 2025 correspondence.)

16. Defendant ChargePoint did not respond to Plaintiff Future Energy's September 5, 2025, correspondence.

17. Defendants ChargePoint did not cure its material breaches set forth in Plaintiff Future Energy's September 5, 2025 correspondence within the thirty (30) day cure period set forth in Section 12(c) of the Addendum.

18. On November 14, 2025, although not required to do so, Plaintiff Future Energy sent another correspondence to Defendant ChargePoint providing an additional ten (10) days to cure its material breach(es) under Section 12(c) of the parties' Addendum. (**Exhibit G**; November 14, 2025 correspondence.)

19. Defendant ChargePoint did not respond to Plaintiff Future Energy's November 14, 2025, correspondence.

20. Defendants ChargePoint did not cure its material breaches set forth in Plaintiff Future Energy's November 14, 2025, correspondence within the ten (10) additional day cure period offered by Plaintiff Future Energy.

21. As of the date of this Complaint, Defendant ChargePoint has not cured its material breaches.

---

Addendum by failing to provide notice or engaging in good-faith consultation with Future Energy. This conduct constitutes a direct breach of both the Non-Solicitation and Good Faith Notice provisions of the Addendum.

## COUNT I

### Breach of Contract

22.   Plaintiff Future Energy incorporates by reference all allegations in this Complaint as though set forth herein.

23.   On November 27, 2019, the parties executed a Reseller Agreement wherein Defendant ChargePoint appointed Plaintiff Future Energy as the exclusive United States territory reseller of its electric vehicle supply equipment, i.e., charging stations. (**Exhibit A**; November 27, 2019 Reseller Agreement and Addendum.)

24.   Contrary to its contractual obligations, Defendant ChargePoint has first materially breached the Reseller Agreement and Addendums by its prohibited direct solicitation of other Stellantis Affiliated Dealers, including communications and sales pursuits conducted without notice, involvement, or authorization of Plaintiff Future Energy or the parties' Reseller Agreement.[2]

25.   Defendant ChargePoint's conduct is egregious because, in its June 1, 2023, correspondence, Defendant ChargePoint acknowledged Plaintiff Future Energy's exclusive handling of Affiliated Dealers and confirmed that no derivative or competitive use of Future Energy's data or relationships would occur. (**Exhibit E**; June 1, 2023 correspondence)

26.   Plaintiff Future Energy has complied with all of its obligations under the parties' Reseller Agreement and Addendum, including giving Defendant ChargePoint forty (40) days to cure all material breaches.

27.   Defendant ChargePoint has cured none of its material breaches.

28.   Defendant ChargePoint has caused Plaintiff Future Energy damages in excess

---

[2] For example, see the attached social media post ("Screenshot") ("**Exhibit B**") the Troy, Michigan Stellantis Dealer Chrysler Dodge Jeep Ram ("**Exhibit C**"), and an email confirming a dealership purchasing CPF50 directly from ChargePoint ("**Exhibit D**") demonstrating ChargePoint has knowingly and repeatedly solicited Stellantis Affiliated Dealers in non-compliance with the Reseller Agreement and Addendum by failing to provide notice or engaging in good-faith consultation with Future Energy. This conduct constitutes a direct breach of both the Non-Solicitation and Good Faith Notice provisions of the Addendum.

of $75,000.00.

WHEREFORE, Plaintiff Future Energy respectfully requests that this Court enter a judgment in its favor against Defendant ChargePoint as follows:

A. For compensatory damages;

B. For lost profits;

C. For disgorgement of profits;

D. For consequential damages;

E. For attorneys' fees, costs, and other expenses;

F. For exemplary or punitive damages and other penalties as allowed by law;

G. For interest, both pre- and post- judgment; and

H. For all other sums that Plaintiff Future Energy is entitled to at law or in equity.

DATED: December 10, 2025          Respectfully submitted,

**KJC LAW GROUP, A.P.C.**

By:   /s/ Kevin J. Cole
      Kevin J. Cole

*Attorneys for Plaintiff*
*Future Energy Group, LLC d/b/a Future Energy*